

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
CHICAGO REGIONAL OFFICE
SUITE 900
175 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60604

PAUL N. MENSHEHA  TELEPHONE: (312) 353-7397
ATTORNEY-ADVISER  FACSIMILE: (312) 353-7398

June 22, 2010

The Honorable Charles N. Clevert
United States District Judge
362 United States Courthouse and Federal Bldg
517 East Wisconsin Avenue
Milwaukee, WI 53202

      Re:    *SEC v. Heartland Advisors, Inc. et al.*, Civ. No. 03-C-1427 (E.D.Wisc)

Dear Judge Clevert:

      The Commission would like to briefly respond to the letter filed by Defendant Jilaine Bauer on June 17, 2010. (Doc. No. 444). Ms. Bauer's letter simply recycles arguments she has previously made. The parties have extensively briefed the issues surrounding Ms. Bauer's trading on the basis of material nonpublic information concerning the Heartland High Yield Short Duration Fund ("Short Duration Fund"). *Compare,* Doc. No. 444 at p.3, ¶¶ 1-3 (Bauer possessed no material non-public info and none of the information was material because it did not alter the total mix of information) *with*, *e.g.*, Doc. No. 413 at pp. 21-33 *and* Doc. No. 431 at pp. 3-8. Included in the briefs are citations to an abundance of case law, particularly Seventh Circuit case law, which address these issues. *See, e.g., SEC v. Jakubowski*, 150 F.3d 675 (7th Cir. 1998). The cases that Ms. Bauer now presents to the Court are neither binding nor persuasive, and the facts of these cases are readily distinguishable from the facts relating to Ms. Bauer's insider trading.

      In the first case addressed by Ms. Bauer, *In re Morgan Stanley Information Fund Sec. Litig.*, 592 F.3d 347 (2d Cir. 2010), the Commission was asked by the Second Circuit to file an amicus brief on the very narrow issue presented in a private litigation: whether there was a duty to disclose certain specific matters relating to the relationship between the funds at issue and an affiliated Morgan Stanley broker dealer. The risks associated with the affiliated broker dealer were deemed generic and distinguished from more specific risks impacting the funds. In contrast, in its case against Ms. Bauer for insider trading, the Commission has presented extensive facts concerning her knowledge of material nonpublic information of the risks of the Short Duration Fund at the time she sold her shares. (Doc. No. 413). The Commission has cited detailed and specific examples of these risks, not generic ones, and the crisis surrounding the Short Duration Fund, including liquidity issues and the ability of the Short Duration Fund to

meet investors' redemption requests. Indeed, investors in the Fund have testified that they would have wanted to know the types of non-public information which existed, and of which Ms. Bauer was aware. *See*, Doc. No. 414 at ¶ 137 (Ex. 48 at 50:13-51:13; Ex. 49 at 24:11-21; Ex. 50 at 23:9-18; Ex. 51 at 27:18-28:4), ¶ 138 (Ex. 48 at 49:11-21; Ex. 50 at 21:23-22:21; Ex. 51 at 26:21-27:7). Therefore, as distinguished by the generic risks discussed in the *Morgan Stanley* case cited by Ms. Bauer, the risks in this case are risks "…specific to the fund." *Morgan Stanley,* 592 F.2d at 363.

The second case addressed by Ms. Bauer, *Yu v. State Street Corp.,* 686 F.Supp.2d 369 (S.D.N.Y. 2010), involves a motion to dismiss in private litigation pursuant to Federal Rule of Civil Procedure 12(b)(6) and losses at mutual funds stemming from investments in mortgage-related securities. While the *Yu* decision focused on the fact that the plaintiffs' claims failed because the complaint did not "…aver a single concrete fact to suggest that defendants deviated from the prescribed valuation methods[,]" the Commission has specifically demonstrated problems with the pricing and valuation of the Short Duration Fund, and Ms. Bauer's acute awareness of these, and other, problems when she sold her shares. In addition, the facts known to Ms. Bauer were nonpublic and material according to Heartland Advisors' policy against insider trading, which defined the materiality of information as information a reasonable investor would want to know before making an investment decision. (Doc. No. 413 at p.7). The ability to redeem an investment, whether the portfolio is being priced correctly, whether a mutual fund is in crisis or whether a meltdown is imminent, goes to the heart of an investment decision, and investors in the Short Duration Fund testified that they would have found this information important. *Yu*, and other case law, holds that the reasonable investor standard requires a fact-specific application, and any fact-specific application leads to the conclusion that the facts known to Ms. Bauer, but not disclosed to other investors at the time she redeemed her shares, were material. The *Yu* case itself supports the Commission's arguments regarding the materiality of the information which Ms. Bauer had in her possession. The court in *Yu* stated, "A false or misleading statement is material if 'there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to act.'" *Yu*, 686 F.Supp.2d at 374 (citation omitted). In this case, among the other evidence supporting the obvious materiality of the information at issue, is the fact that Short Duration Fund investors testified that they considered it material. Consequently, the Commission respectfully requests that the Court enter an order of summary judgment against Ms. Bauer on the insider trading charges.

    Respectfully submitted,

    s/ Paul N. Mensheha
    Paul N. Mensheha
    Attorney for Plaintiff

Cc: Ryan S. Stippich, Esq.