UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

      v.                                 Case No. 03-C-1427

JILAINE H. BAUER,

        Defendant.

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL
RECONSIDERATION OF MARCH 31, 2011, SUMMARY JUDGMENT ORDER

On March 31, 2011, this court entered an order granting in part and denying in part defendant's motion for summary judgment and finding that Bauer possessed material, nonpublic information, and therefore, engaged in insider trading when she redeemed her shares of Heartland's Short Duration High Yield Municipal Fund on October 3, 2000.[1] On April 20, 2011, Bauer seeks partial reconsideration of that order.

Reconsideration of a decision is the exception rather than the rule. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)). Prior rulings "'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Wilson ex rel. Adams v. Cahokia Sch. Dist. #187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007) (quoting *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002)). While it is true that any nonfinal decision or

---

[1] The order also granted in part and denied in part plaintiff's motion for summary judgment.

order is subject to revision at any time before the entry of judgment, Fed.R.Civ.P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own. . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F.Supp. 793, 795 (N.D. Ill. 1996). A motion for reconsideration is appropriate where the court misunderstood a party, decided a matter outside the issues presented by the parties, or committed an error of apprehension rather than reasoning, or when a significant change in the law has occurred or new facts have been discovered. *Schindler*, 2007 U.S. Dist. Lexis 17519 at *2; *Wilson*, 470 F. Supp. 2d at 913. Motions for reconsideration are not the place to introduce evidence and legal arguments that could have been presented earlier, but were not. *Schindler*, 2007 U.S. Dist. Lexis 17519 at *2; *see Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (stating that reconsideration is not properly used to rehash arguments previously rejected or to argue matters that could have been heard when the motion was initially made); *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.").

In the instant case, Bauer simply repackages her summary judgment arguments into a motion for reconsideration. She reiterates assertions that she has already made or had the opportunity to advance in conjunction with briefing the cross motions for summary judgment. Additionally, Bauer has included an administrative order that was available, but not presented to the court earlier.[2] Moreover, Bauer filed this motion without the benefit of reading the court's decision announcing its findings of fact

---

[2] This order is contained in the record as an attachment to a January 29, 2008, letter to the court by John E. Birkenheier. *See* Doc. 391.

and conclusions of law.  Consequently, for the reasons set forth above,

IT IS ORDERED that Bauer's motion for partial reconsideration of the March 31, 2011, summary judgment order is denied.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE