UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

    v.            Case No. 03-C-1427

JILAINE H. BAUER,

    Defendant.

---

DECISION AND ORDER
DENYING PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE
COMMISSION'S MOTION FOR FINAL JUDGMENT OF PERMANENT INJUNCTION
AND GRANTING IN PART OTHER RELIEF AGAINST DEFENDANT
JILAINE H. BAUER (DOC. 463)

In granting the Securities and Exchange Commission's motion for summary judgment on its insider trading claims, this court found that Jilaine Bauer possessed material, nonpublic information when she redeemed her shares of Heartland Short Duration High-Yield Municipal Fund (Short Duration Fund) on October 3, 2000. However, the court declined to enter judgment immediately as the remaining claims could affect the remedies at issue. Subsequently, the Securities and Exchange Commission (SEC) dismissed the remaining counts of its complaint with prejudice and moved for the entry of judgment pursuant to Rule 65 of the Federal Rules of Civil Procedure.

The SEC seeks a permanent injunction enjoining Bauer from committing future violations of applicable securities laws and acting as an "officer, director, member of any advisory board, investment adviser, or depositor, or as principal underwriter of an open-end company, unit investment trust, or face-amount certificate company," the disgorgement of

funds equal to the losses that Bauer was able to avoid ($20,033.25) as a result of redeeming her Short Duration Fund shares on October 3, 2000, with prejudgement interest, and a civil penalty of $60,099.75, a sum which is three times the avoided losses. If relief is granted as the SEC requests, Bauer asks that enforcement of the judgment be stayed pending appeal.

The SEC bears the burden of establishing it is entitled to the requested remedies by a preponderance of the evidence. *Steadman v. SEC*, 450 U.S. 91, 103, 101 S. Ct. 999, 67 L. Ed. 2d 69 (1981). With respect to injunctive relief, the SEC may seek a permanent injunction when it appears that a person is engaged in or is about to engage in acts or practices constituting a violation of the federal securities law. *See* 15 U.S.C. § 78u(d)(1). Once the violation has been established, the moving party must show a reasonable likelihood of future violations. *SEC v. Holschuh*, 694 F.2d 130, 144 (7th Cir. 1982). In deciding whether this burden has been met, the court considers the totality of the circumstances, including the extent of defendant's participation in the violation of the securities laws and degree of scienter, the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again result in such transactions, defendant's recognition of culpability, and the sincerity of the defendant's assurances against future violations. *Id.*

In this instance, the court is not persuaded that the SEC has shown a reasonable likelihood of future violations, which is necessary to support the sweeping relief requested. It has been established that Bauer, a law school graduate, worked in securities law for over twenty years, was employed as General Counsel and Chief Compliance Officer of Heartland Advisors, Inc. (HAI), knew HAI's policy on insider trading, and discussed the insider trading

policy with HAI employees on a regular basis. In addition, the court found that she "had intimate knowledge" of the Fund's ongoing credit, liquidity, and redemption issues, and that Bauer was "privy to details regarding defaulted and watch list securities and the sale of securities to SWIB." (Doc. 453 at 24.) Moreover, Bauer testified that the primary reason for redeeming her shares was her discomfort with the price volatility. Consequently, it was abundantly clear that Bauer breached her fiduciary duty by selling her shares of the Short Duration Fund back to the Fund on October 3, 2000, and that she was aware or should have been aware that she was violating Sections 10(b) and 17(a) and Rule 10b-5.

Nevertheless, it appears that Bauer's conduct was an isolated incident. *See generally Monetta Financial Services, Inc. v. S.E.C.*, 390 F.3d 952, 957-58 (7th Cir. 2004) ("[T]he allocations took place a decade ago, for an eight-month period, making it a fairly isolated occurrence and suggesting that the likelihood of a future violation is slight.") Bauer continues to work in the securities field, but does so as a consultant ensuring compliance with securities laws. She has been unable to find employment with a mutual fund company or any other organization in the financial services industry in Wisconsin or elsewhere. Indeed, Bauer, who is 56, maintains that she has been unemployed or under-employed and unable to generate sufficient income to cover her living expenses and the significant medical expenses arising from her husband's health issues. In a declaration under the penalty of perjury, Bauer states that separate and apart from this incident, her conduct has "never been challenged by a regulator or law enforcement" with the exception of an occasional parking ticket and one speeding ticket.

Although the SEC paints Bauer as "defiant and unrepentant to the end," the court disagrees that she does not acknowledge remorse. It is true that Bauer continues to

3

maintain that she acted reasonably in selling her shares to the fund five days following a significant decline in prices, after hearing the fund's portfolio managers opine the prices were fair. It is also true that Bauer sold her shares after hearing from investment professionals that extensive comparative pricing analysis and due diligence validated these prices and after the board and outside counsel were advised that the trading restriction was being lifted. At the same time, this is a civil case that Bauer has indicated she can and will appeal. Bauer still admits that "she sincerely regrets her decision to sell her Short Duration Fund shares to the Short Duration Fund on the morning of October 3, 2000," and that "it certainly has caused and will cause her to be extremely careful and circumspect in any securities transactions." (Brief in Opp'n at 13.) Given the totality of the circumstances, the isolated nature of the violation, and her assurances, the court does not find that an injunction is warranted.

Turning to disgorgement, the purpose of such remedy is to ensure that wrongdoers will not profit from their wrongdoing. *SEC v. First City Financial Corp.*, 890 F.2d 1215, 1230 (D.C. Cir.1989). The disgorgement figure calculation is discretionary and need not be exact. *SEC v. First Jersey Secs. Inc.*, 101 F.3d 1450, 1474–75 (2d Cir.1996). Disgorgement is not a punitive remedy. *Rowe v. Maremont*, 850 F.2d 1226, 1241 (7th Cir.1988).

The SEC seeks the $20,033.25 deposited by Bauer in an escrow account in three installments between February 28, 2002, and March 31, 2002. In addition, the SEC seeks prejudgment interest in the amount of $2,032.86 from the date of the sale on October 3, 2000, until the date of the first payment to the escrow account on February 28, 2002. The SEC's calculation is based on the losses avoided by redeeming the shares on October 3, 2000, rather than the October 13, 2000, valuation. Bauer challenges the SEC's loss

4

calculation because a December 11, 2003, SEC administrative order found the October 13, 2000, price for fund shares too low.

The court will award the amount requested by the SEC because it is a reasonable approximation based on Bauer's own admission in discovery that "the price she would have obtained for the shares would have been approximately $20,000 lower than the price she obtained on October 3." (Doc. 467-1 at 2.). Bauer also stated that she had "voluntarily disgorged an amount equal to the difference in the price of her shares on October 3, and October 13, 2000, into an escrow account." (*Id.*)

Finally, the SEC seeks civil penalties pursuant to Section 21A of the Exchange Act, which permits a penalty against persons who either purchase or sell securities while in possession of material, nonpublic information or improperly provide others such information. In determining what the penalties should be, the court may consider the seriousness of the violations, the defendant's intent, whether the violations were isolated or recurring, whether the defendant has admitted wrongdoing, the losses or risks of losses caused by the conduct, and any cooperation the defendant provided to enforcement authorities. *See SEC v. Church Extension of Church of Church, Inc.*, 429 F. Supp. 2d 1045, 1050–51 (S.D. Ind. 2005); *SEC v. Custable*, 1996 WL 745372, at *2–5 (N.D. Ill. Dec. 26, 1996), *aff'd,* 132 F.3d 36 (7th Cir. 1997).

The SEC seeks a penalty three times the loss to which Bauer responds that there was no "loss avoided." It is Bauer's position that the Short Duration Fund used a fair price in buying back Bauer's shares. On this record, the requested penalty is excessive. As discussed above, the redemptions took place over twelve years ago and appear to be an isolated incident. The SEC has not established the likelihood of a future violation, and

5

Case 2:03-cv-01427-CNC   Filed 06/15/12   Page 5 of 6   Document 468

Bauer, in her reply, expresses regret. Further, it appears that Bauer has paid a high price for her conduct. Inasmuch as she has remained unemployed or underemployed, she has not been able to cover living expenses, including medical bills, and has been forced to draw from retirement to pay her defense costs amassing over the past nine years. Considering the totality of the circumstances and the court's belief that the litigation alone is an adequate deterrent in this case, the court declines to award a penalty.

To the extent that Bauer seeks a stay while pursuing her appeal, she has framed her argument in terms of the harm if an injunction is not stayed. Because the court is not awarding injunctive relief,

IT IS ORDERED that the United States Securities and Exchange Commission's motion for final judgment of permanent injunction is denied.

IT IS FURTHER ORDERED that the United States Securities and Exchange Commission's motion for other relief against defendant Jilaine H. Bauer is granted in part. The SEC is entitled to disgorgement of the losses avoided in the amount of $20,033.25 together with prejudgement interest.

IT IS FURTHER ORDERED that Jilaine H. Bauer's request for a stay of the enforcement of judgment is denied as moot.

Dated at Milwaukee, Wisconsin, this day of June, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE