UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

           v.

HEARTLAND ADVISORS, INC.,
WILLIAM J. NASGOVITZ, PAUL T. BESTE,
JILAINE H. BAUER, THOMAS J. CONLIN,
GREG D. WINSTON, KEVIN D. CLARK,
KENNETH J. DELLA, HUGH F. DENISON
and RAYMOND R. KRUEGER,

                Defendants.

Case No. 03-C-1427

---

## MOTION FOR SUMMARY JUDGMENT
## ON THE MISAPPROPRIATION CLAIM OF INSIDER TRADING

---

    Defendant Jilaine H. Bauer, by her attorneys, respectfully moves the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rule 56.2 for an order granting summary judgment in her favor and against Plaintiff Securities and Exchange Commission (the "Commission") dismissing all remaining allegations and charges in the First Amended Complaint (Dkt. #283) against her pertaining to alleged misappropriation claim of insider trading with prejudice and entry of final judgment in her favor, and in support thereof states as follows:

    1.    The SEC's new "misappropriation" insider trading claim – its only remaining claim in this case – is not a violation "relating solely to Bauer's insider trading as discussed in the Court's May 25, 2011" decision. Indeed, as the Seventh Circuit noted, it was "never presented" to this Court. Because the violation was not addressed in the May 25, 2011 decision,

it is plainly within the SEC's Rule 41 voluntary discontinuance of such unaddressed violations, as confirmed by this Court September 20, 2011 order (Dkt. #461).

2. The misappropriation theory is inapplicable here as it applies to corporate "outsiders," unlike the classical theory applicable to corporate "insiders." Here it is not disputed that Bauer was an insider, and not an outsider, at the time she redeemed her fund shares and for over a year after that.

3. The SEC cannot establish what the Supreme Court called the "central" element for its misappropriation claim – a showing that Bauer engaged in "deception" toward the "source" of her information. The fund was not deceived because **(i)** it expressly authorized its employees to purchase and redeem shares beginning five days before Bauer's redemption; and **(ii)** in redeeming her shares, Bauer redeemed directly with the fund itself. Indeed, Bauer placed her redemption order with the fund on a phone call she knew the fund was taping. The fund – thus plainly not "deceived" – accepted Bauer's redemption and duly recorded her identity in the fund's records of the transaction.

4. Insider trading liability has never been, and should not be, imposed on mutual fund purchases and redemptions at fixed prices. Insider "trading" liability applies to "trading" of securities. But mutual fund shares are not traded and must instead be purchased from and redeemed with the fund itself. A fund's share price is not set by a "trading" market but instead is fixed by valuing its portfolio of the securities of other issuers.

5. The grounds for this motion are set forth in Brief Supporting Defendant's Motion For Summary Judgment On The Misappropriation Claim Of Insider Trading, Defendant Jilaine H. Bauer's Supplemental Proposed Findings of Fact In Support Of Her Motion For Summary Judgment On The Misappropriation Claim Of Insider Trading, Declaration Of Jilaine H. Bauer

In Support Of Motion For Summary Judgment On The Misappropriation Claim Of Insider Trading, and Declaration of Ryan S. Stippich In Support Of Motion For Summary Judgment On The Misappropriation Claim Of Insider Trading, which are all filed herewith. In addition, this motion relies upon Defendant Jilaine H. Bauer's Proposed Findings Of Fact In Support Of Motion For Summary Judgment (Dkt. #400) and the Exhibits To Defendant Jilaine H. Bauer's Proposed Findings Of Fact In Support Of Motion For Summary Judgment (including the supporting Declaration of Jilaine H. Bauer In Support Of Motion For Summary Judgment) (Dkt. #402), which were filed in support of her earlier motion for summary judgment in this case (Dkt. #399), and the pleadings and court filings in this action.

WHEREFORE, Ms. Bauer respectfully requests all remaining allegations and charges in the First Amended Complaint (Dkt. #283) against her pertaining to alleged misappropriation claim of insider trading be dismissed on the merits, with prejudice and entry of final judgment in her favor, and requests such further relief as the Court deems just and appropriate.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>1000 North Water Street, Suite 2100<br>Milwaukee, WI 53202<br>Telephone: 414-298-1000<br>Facsimile: 414-298-8097 | s/ Ryan S. Stippich<br><br>Mark A. Cameli<br>mcameli@reinhartlaw.com<br>Ryan S. Stippich<br>rstippic@reinhartlaw.com |
| K&L Gates LLP<br>1601 K Street NW<br>Washington, DC 20006<br>Telephone: 202-778-9000<br>Facsimile: 202-778-9100 | Stephen J. Crimmins<br>stephen.crimmins@klgates.com<br>(*application for admission pending*) |
| Dated: October 14th, 2013 | Attorneys for Defendant, Jilaine H. Bauer |

1039391